STEPHEN J. WINDHORST, Judge.
1 gAppellant, Richard Raiser, appeals from the workers’ compensation court’s judgment denying his motion to set aside settlement. For the reason discussed below, this appeal is dismissed.
On August 22, 2012, Mr. Raiser filed a disputed claim for compensation against Winn Dixie Montgomery, L.L.C. and Sedgwick CMS (“Winn Dixie”). Mr. Raiser claimed that he sustained injuries when he slipped and fell in a puddle on the floor of one of the store’s shopping aisles. Winn Dixie denied that Mr. Raiser sustained a work related accident and injuries.
*907 On May 14, 2013, the parties filed a joint petition for compromise. The parties stated that a bona fide dispute existed concerning all aspects of Mr. Raiser’s claim and therefore, the parties agreed to settle the claim for $15,000.00. The workers’ compensation court signed the order approving the settlement on May 14, 2013.
laOn June 14, 2013, Mr. Raiser’s counsel filed a motion to set aside the settlement arguing that Winn Dixie’s knowledge of Mr. Raiser’s federal claim pursuant to the Family Medical Leave Act (“FMLA”) and its inclusion of language in the release and receipt dismissing all claims under state and federal law constituted misrepresentation or fraud. The motion further claimed that Winn Dixie’s failure to notify Mr. Raiser’s counsel and the workers’ compensation court of Mr. Raiser’s federal claim prior to the approval of the settlement constituted misrepresentation or fraud. On November 6, 2013, the motion to set aside settlement was denied. This appeal followed.
Subsequent to this appeal being submitted to this Court, the parties filed a Joint Motion to Dismiss contending that they jointly seek to dismiss this appeal because the federal court proceeding moots the instant appeal. Pursuant to La. C.C.P. art. 2162, an appeal can be dismissed by consent of all parties. Therefore, we grant the Joint Motion to Dismiss and dismiss this appeal.
APPEAL DISMISSED.